**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEWEL BLUITT, *as next friend of* LOGAN J. TAYLOR, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | Civil Action No. 3:16-CV-33-BH |

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person, other than the defendant and the attorneys, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this agreement.

2. The United States of America agrees to pay the sum of $15,000.00, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement,

including any claims for wrongful death, for which plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiffs and their guardians, heirs, executors, administrators, or assigns hereby agree to accept the sum set forth in paragraph 2 of this agreement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiffs and their guardians, heirs, executors, administrators, or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

4. This agreement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto. Plaintiffs further agree and stipulate that, of the total $15,000.00 to be paid by the United States pursuant to paragraph 2 of this agreement, $9,000.000 will be used to reimburse expenses and costs of litigation incurred by the law firm of Kizzia Johnson PLLC for and on behalf of Plaintiffs, and the remaining $6,000.00 will be held in the trust account of attorney D. Bradley Kizzia to be released only after the death of Logan Taylor, and then only to pay burial- and funeral-related expenses of Logan Taylor, directly to the relevant vendor(s). At no time shall Logan Taylor, or any person acting on behalf of Logan Taylor, including but not limited to Jewel Bluitt or Robert Taylor, have access to any of the funds held in the trust account of attorney D. Bradley Kizzia under this agreement. If any funds are remaining after any burial- and funeral-related expenses of Logan Taylor have been paid after his death, attorney D. Bradley Kizzia will arrange to have those funds returned to the United States, by payment to the United States Attorney's Office for the Northern District of Texas.

6. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7. The persons signing this agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. Plaintiffs agree that they must obtain Court approval of the settlement, in substantially the form of the proposed approval order attached to this agreement as Exhibit A. The parties further agree that they will file a joint motion for approval of the settlement, in substantially the form of

the document attached to this agreement as Exhibit B, promptly upon execution of this agreement.  The parties agree that time is of the essence in obtaining such Court approval, and that in the event Court approval is not obtained, this entire agreement is null and void.  In addition, simultaneously with the execution of this settlement agreement, plaintiffs and defendant, by their attorneys, are also executing a Stipulation for Dismissal with Prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, in the form attached to this settlement agreement as Exhibit C.  The Stipulation for Dismissal with Prejudice will specify that each party will bear its own court costs and attorney's fees, and it will be filed only if and when the Court approves this settlement.  Counsel for defendant agrees to file the stipulation with the Court after the Court's approval of this settlement.

8. Payment of the settlement amount will be made by government wire transfer to the trust account of attorney D. Bradley Kizzia, per wiring instructions supplied in writing by D. Bradley Kizzia.  Plaintiffs' attorney agrees to distribute and hold the settlement proceeds as specified in this agreement.

9. The parties agree that this agreement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this agreement may be executed in several counterparts, with a separate signature page for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.

4

| | |
|---|---|
| The United States of America | Logan J. Taylor, by and through his Court-appointed Next Friend, Jewel Bluitt |
| John R. Parker<br>United States Attorney<br>Northern District of Texas | By: *Jewel Bluitt*<br>Jewel Bluitt<br>Next Friend |
| By: *Brian W. Stoltz*<br>Brian W. Stoltz<br>Assistant United States Attorney | Dated: 2-6-17 |
| Dated: Feb. 7, 2017 | ****** |
| | By: *D. Bradley Kizzia*<br>D. Bradley Kizzia<br>KIZZIA JOHNSON PLLC<br>Attorneys for Plaintiff |
| | Dated: 2/6/17 |

5

Exhibit A to Settlement Agreement

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEWEL BLUITT, *as next friend of* LOGAN J. TAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 3:16-CV-33-BH |

## ORDER APPROVING SETTLEMENT

By consent of the parties and pursuant to the Order of Reassignment signed by Chief Judge Barbara M. G. Lynn on December 16, 2016, this action was reassigned to this Court for the conducting of all proceedings in accordance with 28 U.S.C. § 636(c).  (Doc. 74.)  The Court also previously appointed Jewel Bluitt as next friend of Logan Taylor, with authority to prosecute and settle any claims belonging to Logan Taylor.  (Doc. 78.)  Now pending before the Court is the parties' *Joint Motion for Approval of Settlement*, filed by Bluitt and the United States.  Having considered the motion and the proposed settlement agreement, the Court finds that the proposed settlement is in the best interest of Logan Taylor for the reasons set forth in the motion, and the parties' settlement agreement will therefore be, and is hereby, APPROVED by the Court.

The Court further ORDERS that, with respect to the funds to held in the trust account of attorney D. Bradley Kizzia for the future payment of burial- and funeral-related expenses of Logan Taylor, at no time shall Logan Taylor, or any person acting on behalf of Logan Taylor,

including but not limited to Jewel Bluitt or Robert Taylor, have access to any of these funds. If any funds are remaining after any burial- and funeral-related expenses of Logan Taylor have been paid after his death, attorney D. Bradley Kizzia will arrange to have those funds returned to the United States, by payment to the United States Attorney's Office for the Northern District of Texas. The Court further confirms that Jewel Bluitt has authority to enter into the settlement agreement on Logan Taylor's behalf, and that upon the filing of this order and the filing of the parties' notice of dismissal, all claims and causes of action against the United States belonging to Logan Taylor are forever compromised and released.

SIGNED on this ___ day of _____, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

Exhibit B to Settlement Agreement

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEWEL BLUITT, *as next friend of* LOGAN J. TAYLOR, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 3:16-CV-33-BH |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT

This is a medical malpractice action brought under the Federal Tort Claims Act against the United States, arising out of medical care rendered to Logan Taylor by the Department of Veterans Affairs (VA). The lawsuit concerns the effects of gangrene that developed in Logan's lower extremities while under the care of the VA, but Logan also suffers from unrelated dementia. Jewell Bluitt has been appointed by the Court to act as Logan's next friend in this lawsuit, with authority to prosecute and compromise any claims belong to Logan relating to the gangrene.

The parties have made efforts to compromise Logan's claims and, with the assistance of retired U.S. Magistrate Judge Jeff Kaplan in mediation, have crafted a settlement agreement that will resolve this lawsuit and that they believe is in the best interest of Logan. Due to his dementia, Logan has been living in a nursing home for the past several years. Because of his limited resources, Logan qualifies for Medicaid, and his nursing-home costs are essentially covered by a combination of Medicaid and a small veteran's pension that, per Medicaid, must be

paid directly to the nursing home. However, there are strict limits on the amount of money that Logan can possess while retaining his Medicaid eligibility, and the parties understand that Logan's direct receipt of even a modest amount of money (such as a few thousand dollars) could jeopardize his Medicaid eligibility and result in him losing his current placement in a nursing home. Thus, if Logan were to directly receive any sum of money as a result of this case, the result would actually be counterproductive because Logan could potentially lose his Medicaid eligibility, any funds he received would soon be exhausted paying directly for nursing-home care as a private patient, and then Logan would have to re-start the process of qualifying for Medicaid, but in the meantime would not have any nursing-home accommodations available to him. Finally, as a practical matter Logan has little need for money in that his living expenses are currently largely covered and his needs are taken care of by the nursing home, and due to his dementia he is not in a position to be able to handle any money himself.

Accordingly, the parties, with Judge Kaplan's assistance, have fashioned a proposed settlement of Logan's gangrene-related claims that, after the payment of litigation expenses,[1] will result in a sum of money being set aside to be available to pay funeral- and burial-related expenses of Logan upon his death, but without jeopardizing Logan's current Medicaid eligibility and placement in the nursing home. These funds will not be accessible by Logan or anyone acting on his behalf during his lifetime, and thus, under the relevant Texas Medicaid regulations, the funds will not "count" against Logan for purposes of Medicaid eligibility. *See* 1 Tex. Admin. Code § 358.327. In addition, among the assets that Texas Medicaid rules allow

---

1 Plaintiff's counsel has effectively agreed to handle the case pro bono, such that only out-of-pocket litigation costs (filing fees, expert consulting fees, etc.) will be reimbursed out of the settlement, but no separate attorney's fees will be paid.

2

Medicaid beneficiaries to retain is burial insurance, and with this in mind the parties are contemplating the settlement as essentially a form of burial insurance.  *See id.* § 358.353.

The full proposed settlement agreement is attached to this motion as Exhibit 1, and the parties respectfully request that the Court enter an order approving the settlement and setting out the restrictions on the settlement funds noted above.  A proposed order is attached as Exhibit A to the Settlement Agreement, and is also being transmitted to the Court's "orders" email address in Word format.

Respectfully submitted,

/s/ D. Bradley Kizzia
D. BRADLEY KIZZIA
State Bar No. 11547550
bkizzia@kjpllc.com
ANTHONY RICCIARDELLI
State Bar No. 24070493
anthony@kjpllc.com
KIZZIA JOHNSON PLLC
1910 Pacific Avenue, Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165

ATTORNEYS FOR PLAINTIFF

JOHN R. PARKER
United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for the United States

Exhibit C to Settlement Agreement

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEWEL BLUITT, *as next friend of* LOGAN J. TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Civil Action No. 3:16-CV-33-BH |

### STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Rule 41(a)(1)(A)(ii), this action is hereby dismissed with prejudice, with each party to bear its own costs and attorney's fees.

**STIPULATED:**

| | |
|---|---|
| /s/ D. Bradley Kizzia<br>D. BRADLEY KIZZIA<br>State Bar No. 11547550<br>bkizzia@kjpllc.com<br>ANTHONY RICCIARDELLI<br>State Bar No. 24070493<br>anthony@kjpllc.com<br>KIZZIA JOHNSON PLLC<br>1910 Pacific Avenue, Suite 13000<br>Dallas, Texas 75201<br>(214) 451-0164<br>Fax: (214) 451-0165<br><br>ATTORNEYS FOR PLAINTIFF | JOHN R. PARKER<br>United States Attorney<br><br>/s/ Brian W. Stoltz<br>Brian W. Stoltz<br>Assistant United States Attorney<br>Texas Bar No. 24060668<br>1100 Commerce Street, Third Floor<br>Dallas, Texas 75242-1699<br>Telephone:  214-659-8626<br>Facsimile:   214-659-8807<br>brian.stoltz@usdoj.gov<br><br>Attorneys for the United States |